**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**EDWARD THOMPSON YANCEY,**       :

                                                              :

    **Plaintiff**                    **CIVIL ACTION NO. 3:15-2325**

                                                              :

    **v**

                                                              :       **(JUDGE MANNION)**

**C.A. SNYDER, et al.,**

                                                              :

    **Defendants**

**MEMORANDUM**

**I. Background**

    Edward Thompson Yancey, an inmate presently confined in the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following SCI-Camp Hill employees: C.A. Snyder, CO Crokus, CO McBeth, and CO Keller. Id. Presently before the Court is Defendants' motion for summary judgment. (Doc. 16). Defendants seek entry of judgment based on Plaintiff's failure to exhaust available administrative remedies. Id. The motion has been fully briefed, and is ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment.

**II. Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the

nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir.1992). Failure to properly support or contest an assertion of fact may result in the fact being

considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

### III.    Statement of Facts[1]

On December 3, 2015, Plaintiff filed the above captioned action, alleging an excessive use of force by Defendants on April 15, 2015, and a deliberate indifference to his medical needs for the injuries resulting therefrom. (Doc. 1).

On April 15, 2015, Plaintiff was issued Misconduct No. B476387 for assault and Misconduct No. B476388 for threatening an employee or their

---

[1] Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in response to the moving party's brief in support, "[t]he papers opposing a motion for summary judgment shall included a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] ..., as to which it is contended that there exists a genuine issue to be tried." See M.D. Pa. LR 56. 1. The rule further states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Because Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendants, all material facts set forth in Defendants' statement (Doc. 17) will be deemed admitted.

family with bodily harm. (Doc. 19-6 at 2, Misconduct History). Plaintiff was found guilty of both misconducts and sanctioned to 90 days disciplinary custody on each misconduct. (Doc. 19-9 at 2, Declaration of Joseph Dupont, Chief Hearing Examiner). No appeal from either misconduct was ever filed. Id.

On April 20, 2015, Plaintiff filed Grievance No. 563115, in which he alleges that on April 15, 2015, while being escorted to the visiting room, he was walking "towards the exit door" when he was "slammed down by officers' force fully to the ground, punch[ed] or kick[ed] repeatedly in the ribs, face or stomach, when [he] wasn't resisting at all." (Doc. 19-3 at 2, Official Inmate Grievance).

On April 27, 2015, Plaintiff was issued a notice of investigation, indicating that an investigation into the allegations of abuse contained in his grievance was underway, and that an extension of time to respond to his grievance was necessary in order to appropriately investigate and respond. (Doc. 19-3 at 3, Extension).

On July 27, 2015, an Initial Review Response to Grievance No. 563115 was issued, denying Plaintiff's grievance as follows:

> An investigation was conducted on behalf of the SCI-Camp Hill

> Security Office concerning your allegation of Abuse/Assault.
>
> After a thorough investigation by this writer, including all available documentation, video and interviews with staff, it is the SCI-Camp Hill's Security Office finding that your grievance is denied. Your allegations cannot be substantiated.
>
> You have received notice of the results of the investigation completed on June 15, 2015, please note that this delay will not affect your appeal rights.

(Doc. 19-3 at 4, Initial Review Response). Because Plaintiff was transferred out on a writ to Erie County on June 25, 2015, a copy of the Initial Review Response was sent to his temporary location. (See Doc. 19-7 at 2, Declaration of Deborah Alvord, Assistant to the Superintendent at SCI-Camp Hill).

Plaintiff returned to SCI-Camp Hill from Erie County on October 29, 2015. (Doc. 19-4 at 2, Moves Report).

A review of Plaintiff's grievance appeal records from April 15, 2015, the date of the incident complaint of, and December 3, 2015, the date the above captioned action was filed, reveals that Plaintiff did not appeal any grievances during this time period through to final appeal with the Secretary's Office of Inmate Grievance Appeals ("SOIGA"). (Doc. 19-8 at 5, Declaration of Keri Moore, Administrative Officer 3 in the SOIGA).

On February 5, 2016, a Facility Manager's Appeal Response was

issued, upholding the initial response to Grievance No. 563115, as follows:

> I am in receipt of your appeal and have reviewed it as well as the original grievance and Grievance Officer's response. You alleged in your original grievance that you were "slammed down by officers forcefully to the ground, punched and kicked repeatedly in the ribs, face and stomach."
>
> I find the Grievance Officer properly investigated your claim and provided an adequate response. The security Office thoroughly investigated your allegations and could not substantiate them.
>
> Therefore, I uphold the initial response and your appeal and any requested relief is denied.

(Doc. 26 at 8, Facility Manager's Appeal Response).

On February 8, 2016, the Secretary's Office of Inmate Grievances and Appeals acknowledged receipt of an appeal from Plaintiff but filed it without any further action for the following reason:

> Mr. Yancey-Thomas, this office conducts Final Review only and inmates must follow all steps as outlined in the DC ADM 804 prior to appealing to this office. You are encouraged to review the policy for clarity. The initial review response is noted as being completed on 7/27/15. As of this date, there is no record of you appealing this grievance to the Superintendent. Please adhere to the directive above. Future correspondence regarding this grievance/issue may be filed without action or reply.

(Doc. 26 at 11, Response of SOIGA to Grievance No. 563115). The record is devoid of any evidence that Plaintiff attempted to re-file a final appeal to the SOIGA.

7

## IV. Discussion

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department

of Corrections Administrative Directive 804.  See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of their institution. Id. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). Id.

Issues concerning a specific inmate misconduct charge, conduct of hearing, statements written within a misconduct and/or other report, a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department policy DC-ADM 801, "Inmate Discipline". Id.

Initially, the Court notes that Plaintiff has failed to exhaust his administrative remedies with respect to the two misconducts he received on

April 15, 2015, as the record indicates that no appeal was filed from either misconduct.

With respect to Plaintiff's Grievance No. 563115, while it appears that Plaintiff attempted to exhaust his administrative remedies, his appeals to the Facility Manager and the Chief of the Secretary's Office of Inmate Grievances and Appeals, occurred long after the above captioned action was filed.

The law is clear that Plaintiff was required to exhaust his administrative remedies before he filed his instant action with respect to all of his claims. Booth v. Churner, 532 U.S. 731, 739 (2001); Woodford v. Ngo, 548 U.S. 81,92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); see also Rivera v. Pa. Dep't of Corr., 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court").

The law is also clear that Plaintiff could not complete exhaustion while his present action was pending with this Court. The Third Circuit stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." Oriakhi v. United States, 165 Fed.Appx. 991, 993 (3d Cir.2006) (not precedential). The Oriakhi

10

Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his Bivens claim. "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." Oriakhi, 165 Fed. Appx. at 993 (quoting Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir.2003)).

It is clear that Plaintiff failed to exhaust administrative remedies before initiating the instant action. In light of his failure to properly exhaust all claims, the complaint will be dismissed. See Woodford v. Ngo, 548 U.S. 81,92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); see also Rivera v. Pa. Dep't of Corr., 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court"). Accordingly, Defendants are entitled to summary judgment.

**V. Conclusion**

For the reasons stated above, Defendants' motion for summary judgment for Plaintiff's failure to exhaust administrative remedies prior to filing the above captioned action, will be **GRANTED**. An appropriate order shall

11

issue.

                                              s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States District Judge**

**DATE:** March 24, 2017
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2325-01.wpd